FEE DUE
N/S

FILED
CLERK, U.S. DISTRICT COURT
06/12/2026
CENTRAL DISTRICT OF CALIFORNIA
BY mba DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Joshua S. Dudley
2600 E. Dorothy Dr.
Orange, CA 92869
657.391.6401
JDUDLEY279@gmail.com
Plaintiff, Pro Se

8:26-cv-01530-SSS (PD)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

JOSHUA S. DUDLEY, Plaintiff,

v.

**COUNTY OF ORANGE; ORANGE COUNTY HEALTH CARE AGENCY; ORANGE COUNTY BEHAVIORAL HEALTH PLAN; ORANGE COUNTY SOCIAL SERVICES** AGENCY; TELECARE CORPORATION; TELECARE CORPORATION d/b/a TELECARE **TAO CENTRAL FSP; AGAPE ADDICTION COUNSELING, LLC; AGAPE-RELATED HOUSING ENTITIES WHOSE TRUE NAMES ARE UNKNOWN; RONALD D. LEE, JR.;** FELICIA TARA TAING; JENA NGUYEN; ESMERALDA CARROLL; and DOES 1 through 10, inclusive, Defendants.

Case No.: ____________________

**VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. Plaintiff Joshua S. Dudley brings this verified civil action for civil-rights, disability-rights, privacy, safety, housing, retaliation, and related California-law claims arising from County-contracted behavioral-health services, housing-related supports, public-benefit/status quo issues, and the acts and omissions of County, Telecare, and related housing actors.

2. This case is not pleaded as a single isolated employee mistake. Plaintiff alleges a pattern involving known disability and trauma vulnerability, a reported sexual assault inside a Telecare/OCHCA-linked housing placement, failure to provide trauma-informed protection, disputed Release of Information practices, medical-record contamination, refusal or delay in records access, failure to preserve evidence, denial or obstruction of emergency transfer, interference with appeal and Aid Paid Pending or status quo protections, and retaliation or adverse action after protected complaints.

3. Plaintiff seeks compensatory damages, statutory relief where authorized, declaratory relief, temporary, preliminary, and permanent injunctive relief, correction and preservation of records, attorney fees and costs where authorized by statute, and punitive damages only against private, non-public, and individual defendants where legally permitted.

## II. JURISDICTION AND VENUE

4. This Court has federal-question jurisdiction under 28 U.S.C. section 1331 because Plaintiff asserts claims arising under federal civil-rights and disability-rights law, including 42 U.S.C. section 1983, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Fair Housing Act.

5. This Court has supplemental jurisdiction under 28 U.S.C. section 1367 over related California-law claims because those claims arise from the same case or controversy as the

federal claims.

6. Venue is proper in the Central District of California, Southern Division, under 28 U.S.C. section 1391 because a substantial part of the events, omissions, records, housing placement, and adverse actions occurred in Orange County, California.

7. Plaintiff demands trial by jury under Federal Rule of Civil Procedure 38 on all issues so triable.

## III. PARTIES

8. Plaintiff Joshua S. Dudley is a resident of Orange County, California. Plaintiff is a person with a documented mental-health disability and uses a psychiatric service animal for disability-related support and functional stability.

9. Defendant County of Orange is a California public entity. Plaintiff alleges the County is responsible for its own policies, customs, practices, delegated-service structures, contractor oversight, benefit/status quo conduct, grievance response, and ratification of conduct carried out through County agencies, plans, contractors, and programs.

10. Defendant Orange County Health Care Agency is the County agency alleged to administer, supervise, contract for, monitor, or oversee relevant behavioral-health services and delegated services.

11. Defendant Orange County Behavioral Health Plan is named because Plaintiff alleges that adverse benefit determinations, NOABD/QMS processes, Specialty Mental Health Services disputes, appeals, and Aid Paid Pending or status quo issues involved the County behavioral-health plan structure.

12. Defendant Orange County Social Services Agency is named because Plaintiff alleges that General Relief, CalFresh, Medi-Cal, aid-pending, documents, and benefit-related administrative actions or omissions contributed to the deprivation of basic support and emergency stability at issue.

13. Defendant Telecare Corporation is a California for-profit corporation and County contractor alleged to provide behavioral-health Full Service Partnership services, including Telecare TAO Central FSP, under County authority, contract, funding, monitoring, and delegated public-service functions.

14. Defendant Telecare Corporation d/b/a Telecare TAO Central FSP is named as the program and operating name through which Telecare delivered or controlled Plaintiff's Full Service Partnership services, housing-related supports, records, staff contacts, and program decisions. Plaintiff does not allege at this time that Telecare TAO Central FSP is a separate legal entity unless discovery shows otherwise.

15. Defendant Agape Addiction Counseling, LLC and Agape-related housing entities whose true names are unknown are named based on presently available information concerning the housing environment used in connection with Plaintiff's Telecare/OCHCA-linked placement. Plaintiff will amend if public records, contract records, or discovery identify the correct owner, operator, manager, contractor, subcontractor, or housing entity.

16. Defendant Ronald D. Lee, Jr. was at relevant times associated with the housing placement, owner, operator, manager, agent, or related housing environment connected to Plaintiff's program placement. Plaintiff alleges Ronald D. Lee, Jr. committed the January 21, 2026 unwanted sexual touching and sexualized statement described below.

17. Defendant Felicia Tara Taing was at relevant times Program Administrator for Telecare TAO Central and acted individually, under color of state law, and/or as an agent of County-contracted services.

18. Defendant Jena Nguyen was at relevant times Clinical Director or clinical leadership representative for Telecare TAO Central and acted individually, under color of state law, and/or as an agent of County-contracted services.

19. Defendant Esmeralda Carroll was at relevant times an Orange County Health Care Agency Quality Management, Managed Care Support Team, compliance, grievance, or appeal-related representative involved in Plaintiff's complaints, appeal-related interactions, safety reports, and benefit/service review process.

20. Does 1 through 10 are fictitiously named parties whose true names, roles, and capacities are presently unknown. Plaintiff will seek leave to amend when their identities and roles are discovered.

## IV. FACTUAL ALLEGATIONS

21. Plaintiff was enrolled in or connected to Telecare TAO Central, a Full Service Partnership program administered, funded, contracted, monitored, or overseen through Orange County Health Care Agency and/or the Orange County Behavioral Health Plan.

22. Plaintiff alleges that the applicable program and contract documents did not limit TAO Central to office-based therapy or group attendance. Plaintiff alleges the documents identify outreach and supportive services, shelter, transitional housing placement, services at housing locations, maintenance of placement, housing-provider relationships, and immediate placement in other housing when a client is removed from housing.

23. Plaintiff alleges that Defendants treated housing as part of the Full Service Partnership structure for funding, performance, placement, and service delivery, but later attempted to treat housing as outside the service structure when Plaintiff requested safety transfer, Aid Paid Pending or status quo protection, records, investigation, oversight, or accountability.

24. Before the January 21, 2026 incident, Plaintiff had a documented history of grievances, privacy concerns, medical-record problems, harassment complaints, discrimination concerns, case-manager issues, record-access disputes, and safety concerns involving Telecare, OCHCA, Orange County benefit systems, or related actors.

25. Plaintiff alleges that Telecare and County actors had notice of Plaintiff's disability, trauma history, prior suicide-attempt history connected to prior sexual trauma, need for trauma-informed care, and need for psychiatric-service-animal support.

26. On or about January 21, 2026, at approximately 7:00 p.m., inside the housing environment at 2600 E. Dorothy Drive, Orange, California, Ronald D. Lee, Jr. subjected Plaintiff to unwanted sexual touching and a sexualized statement. Plaintiff alleges the conduct included contact to Plaintiff's upper-buttock or lower-back area in a circular manner and the statement, in substance, "I want some of that."

27. Plaintiff alleges that David Joseph Eyskens witnessed the incident, was a material witness, and reported the incident internally or to individuals identified to Plaintiff as Ray and Valerie. Plaintiff has not been provided the complete internal incident report.

28. Plaintiff reported the assault to Telecare or related oversight actors and later to law enforcement. Plaintiff identifies Orange Police Department Report No. 26-02-0508 as associated with the incident.

29. Plaintiff alleges that, instead of treating the report as a safety, sexual-assault, trauma, mandatory-reporting, evidence-preservation, and emergency-transfer matter, Defendants repeatedly reframed or minimized it as a housing grievance or administrative dispute.

30. Plaintiff alleges that Defendant Esmeralda Carroll stated in substance, "What mandatory reporting? This is a housing grievance," or words to that effect, reflecting the challenged reclassification and minimization.

31. Plaintiff repeatedly requested safety measures, no-contact protection, trauma therapy, emergency transfer, VAWA-related protection, preservation of evidence, and records access. Plaintiff alleges these requests were denied, delayed, ignored, narrowed, or reframed.

32. Plaintiff alleges that Defendants knew or should have known that a sexual-assault report involving a trauma survivor with known psychiatric vulnerability created foreseeable risks of retraumatization, psychiatric destabilization, self-harm risk, loss of safe housing access, and loss of functional access to services.

33. Plaintiff alleges that Telecare used, relied on, completed, or treated as valid a disputed Release of Information that Plaintiff did not knowingly complete or authorize for the purpose used. Plaintiff understood Felicia Taing was to enter only Plaintiff's medical record number and return the ROI to Plaintiff for completion. Plaintiff later discovered irregularities concerning the ROI and an expiration issue.

34. Plaintiff alleges that an OCHCA compliance or privacy representative later confirmed the ROI was completed incorrectly, yet Defendants treated the matter as insufficient to establish a privacy violation or safety failure.

35. Plaintiff alleges that his medical or program record was contaminated with another person's protected or clinical information, and that after Plaintiff requested full disclosure, audit logs, disclosure accounting, corrected records, and complete production, Defendants redirected him toward complaint or Patient Rights processes instead of producing the actual records requested.

36. Plaintiff alleges multiple privacy, data-breach, record-integrity, or confidentiality incidents involving medical information, contact information, record contamination, unauthorized disclosure, unauthorized access, or improper control of protected information.

37. Plaintiff alleges that Telecare had a phone or communication device installed in the house and that communications or use occurred without Plaintiff's informed consent, raising additional privacy and access-log issues requiring discovery.

38. Plaintiff alleges that before the January 21, 2026 assault, Telecare was already under active litigation-hold and preservation obligations. Plaintiff alleges legal or compliance personnel, including Karyn Banner, a Telecare paralegal or legal representative, had notice from early stages.

39. Plaintiff alleges that after the assault, he requested preservation of video, camera logs, schedules, communications, incident reports, and related evidence. Plaintiff alleges he was told cameras were reactivated, that there was no footage, or that Ronald Lee confirmed camera status. Plaintiff alleges that relying on the alleged assailant or conflicted housing actor to verify camera footage or camera status was improper.

40. Plaintiff filed or attempted to file appeals and demanded Aid Paid Pending, status quo, or similar protections. Plaintiff alleges those protections were not honored in substance and that Defendants attempted to treat housing and rent support as outside the service structure despite program documents and funding framework.

41. Plaintiff alleges that Defendants used a false non-engagement narrative to justify service or housing adverse action. Plaintiff alleges he was actively engaged through grievances, appeals, police reporting, patient-rights requests, records requests, privacy complaints, safety requests, CPRA requests, trauma-therapy requests, and transfer requests.

42. Plaintiff alleges he did not refuse all services. He objected to unsafe, inadequate, retaliatory, or clinically inappropriate programming and requested appropriate services and protection.

43. Plaintiff alleges that benefit-related instability, loss or threatened loss of General Relief, CalFresh, Medi-Cal-related support, Aid Paid Pending, rent support, and status quo protections increased the emergency harm and made court intervention necessary.

44. Plaintiff alleges that he has approximately $1.25 in checking funds, no current wage income, CalFresh only, no car, past-due credit cards, federal tax debt of approximately $19,700.11, and California state tax debt of approximately $8,200, making fee waiver and counsel issues material to access to court.

## V. MONELL AND DELEGATED-CONTRACTOR ALLEGATIONS

45. Plaintiff does not seek to hold the County liable merely because it employed or contracted with a wrongdoer. Plaintiff alleges that County liability arises from County policies, customs, practices, delegated-service structures, failures to train or supervise, deliberate indifference after notice, ratification, and failure to correct known constitutional and statutory violations.

46. Plaintiff alleges that Orange County, OCHCA, the Behavioral Health Plan, SSA, and delegated contractors operated an integrated service and housing system affecting mental-health services, records, safety protections, benefits, appeals, and housing-related supports.

47. Plaintiff alleges that the County and its contractors had repeated notice of safety, privacy, records, disability, housing, retaliation, and benefit/status quo issues and failed to implement an effective corrective response.

48. Plaintiff alleges that County-linked practices caused or contributed to the harms alleged here, including failure to classify the reported assault as a safety matter, failure to secure evidence, failure to provide trauma-informed protection, failure to correct contaminated records, failure to honor appeal/status quo protections, and reliance on disputed records.

49. Plaintiff alleges that Telecare and related contractors performed delegated public functions and acted jointly with or under color of state law through County contracts, oversight, funding, policy requirements, program authority, and service delivery.

## VI. CLAIMS FOR RELIEF

### CLAIM ONE - 42 U.S.C. SECTION 1983 - DUE PROCESS, SAFETY, RECORDS, AND STATUS QUO PROTECTIONS

50. Plaintiff incorporates paragraphs 1 through 49.

51. Defendants acting under color of state law deprived Plaintiff of protected liberty, privacy, property, safety, and procedural interests by mishandling reports, records, appeals, benefit/status quo protections, and housing-related safety after notice.

52. Plaintiff alleges that the deprivation was caused by County-linked policies, customs, practices, delegated contractor structures, ratification, deliberate indifference, and failure to train or supervise.

**CLAIM TWO - 42 U.S.C. SECTION 1983 - RETALIATION FOR PROTECTED ACTIVITY**

53. Plaintiff incorporates paragraphs 1 through 52.

54. Plaintiff engaged in protected activity by filing grievances, complaints, police reports, records requests, CPRA requests, privacy complaints, appeal requests, safety requests, and preservation demands.

55. Plaintiff alleges Defendants responded with adverse actions, including minimization, denial or delay of services or protections, reliance on disputed records, benefit/status quo interference, housing instability, and retaliatory pressure that would deter a person of ordinary firmness from continuing protected activity.

**CLAIM THREE - AMERICANS WITH DISABILITIES ACT TITLE II AND SECTION 504 OF THE REHABILITATION ACT**

56. Plaintiff incorporates paragraphs 1 through 55.

57. Plaintiff is a qualified person with a disability. Plaintiff alleges public entities, public programs, and federally funded or delegated service structures denied meaningful access, failed to reasonably accommodate disability-related needs, and failed to provide trauma-informed and safe access to services, records, appeal protections, and housing-related supports.

58. Plaintiff alleges Defendants knew of his disability, trauma vulnerability, service-animal-related needs, and need for safety planning but failed to provide effective accommodation or equal access.

**CLAIM FOUR - FAIR HOUSING ACT, INCLUDING DISABILITY-RELATED HOUSING INTERFERENCE AND RETALIATION**

59. Plaintiff incorporates paragraphs 1 through 58.

60. Plaintiff alleges Defendants interfered with fair housing rights, disability-related housing access, emergency transfer, safe separation, no-contact protection, and housing stability after Plaintiff reported sexual assault, requested accommodation, requested records, and pursued protected rights.

61. Plaintiff alleges Defendants' actions or omissions made housing unavailable, unsafe, unstable, or functionally inaccessible because of disability-related needs and protected activity.

**CLAIM FIVE - CALIFORNIA CONFIDENTIALITY, PRIVACY, AND RECORD-INTEGRITY CLAIMS**

62. Plaintiff incorporates paragraphs 1 through 61.

63. Plaintiff alleges Defendants mishandled confidential medical, mental-health, housing, grievance, appeal, and safety records by relying on a disputed ROI, failing to correct contaminated records, delaying records access, failing to provide audit and disclosure information, and using or disclosing disputed information without valid authorization or lawful basis.

**CLAIM SIX - NEGLIGENCE AND NEGLIGENT SUPERVISION**

64. Plaintiff incorporates paragraphs 1 through 63.

65. Plaintiff alleges Defendants owed duties of reasonable care arising from County-contracted behavioral-health services, housing-related supports, record handling, safety reports, provider oversight, and foreseeable risk after notice.

66. Plaintiff alleges Defendants breached those duties by failing to protect, investigate, preserve evidence, provide trauma-informed safety measures, supervise delegated housing actors, correct records, and prevent foreseeable harm.

**CLAIM SEVEN - CALIFORNIA BANE ACT, CIVIL CODE SECTION 52.1**

67. Plaintiff incorporates paragraphs 1 through 66.

68. Plaintiff alleges Defendants interfered or attempted to interfere with Plaintiff's federal and state rights through threats, intimidation, coercion, retaliation, denial of safety, housing instability, misuse or threatened use of records, and pressure after protected complaints and reports.

**CLAIM EIGHT - DECLARATORY AND INJUNCTIVE RELIEF**

69. Plaintiff incorporates paragraphs 1 through 68.

70. An actual controversy exists regarding Defendants' duties to preserve evidence, protect records, prevent retaliation, provide meaningful disability-related access, maintain status quo and aid-pending protections where required, correct contaminated records, and provide safe housing-related service access.

71. Plaintiff seeks temporary, preliminary, and permanent injunctive relief preserving evidence,

protecting confidential records, preventing retaliation, maintaining status quo protections, requiring corrective record handling, and preventing reliance on disputed or contaminated records until reviewed.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment and relief as follows:

A. Compensatory damages according to proof;

B. Statutory damages where authorized by law;

C. Declaratory relief determining the rights and obligations of the parties;

D. Temporary, preliminary, and permanent injunctive relief preserving evidence, protecting records, preventing retaliation, maintaining status quo protections, and requiring lawful record and safety practices;

E. Correction, segregation, or non-reliance upon contaminated, disputed, incomplete, or unverified records until proper review is completed;

F. Attorney fees and costs where authorized, including under 42 U.S.C. section 1988 and other applicable provisions;

G. Punitive damages only against private, non-public defendants and individual defendants where legally permitted; and

H. Any other relief the Court finds just and proper.

**VIII. VERIFICATION**

I, Joshua S. Dudley, declare under penalty of perjury under the laws of the United States that the factual allegations stated in this Verified Complaint are true and correct to the best of my personal knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Executed on June 12, 2026, in Orange, California.

/s/ Joshua S. Dudley

Joshua S. Dudley

Plaintiff, Pro Se