UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01530-SSS-PD | Date | June 18, 2026 |
| Title | *Joshua S. Dudley v. County of Orange et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 4]**

Before the Court is plaintiff Joshua S. Dudley's ("Plaintiff") ex parte application for a temporary restraining order. ["Application," Dkt. No. 4]. The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the matter, the Court **DENIES** the Application.

## I. BACKGROUND

On June 12, 2026, Plaintiff filed a civil rights complaint against defendants County of Orange, Orange County Health Care Agency, Orange County Behavioral Health Plan, Orange County Social Services Agency, Telecare Corporation, Telecare Corporation d/b/a Telecare TAO Central FSP, Agape Addiction Counseling, LLC, Ronald D. Lee, Jr., Felicia Tara Taing, Jena Nguyen, Esmeralda Carroll, and Does 1–10 (collectively, "Defendants"). ["Complaint," Dkt. No. 1]. On the same date, Plaintiff filed the instant Application. [*See* Application].

The Complaint is not a model of clarity. Nonetheless, the Court surmises that defendant Ronald D. Lee, Jr. allegedly sexually harassed Plaintiff at his

housing placement. [Compl. ¶¶ 26–27]. Plaintiff "reported the assault to Telecare or related oversight actors and later to law enforcement." [*Id.* ¶ 28]. In response to Plaintiff's report, "instead of treating the report as a safety, sexual-assault, trauma, mandatory-reporting, evidence-preservation, and emergency-transfer matter, Defendants repeatedly reframed or minimized it as a housing grievance or administrative dispute." [*Id.* ¶ 29]. Plaintiff appears concerned that Defendants will spoil evidence pertaining to the incident. [*See* Application]. Thus, Plaintiff is requesting a temporary restraining order "requiring Defendants and persons acting in concert with them to preserve the status quo, protect Plaintiff's records and safety, prevent retaliation, and preserve evidence pending a preliminary injunction hearing." [*Id.* at 1].

For the Court to grant a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

"Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020). Plaintiff's briefing on this factor is woefully insufficient. Plaintiff conclusively states that he "raises serious questions and a likelihood of success on [his] claims[.]" [Application at 2]. Further, with respect to immediate and irreparable harm, Plaintiff alleges that he is subject to "ongoing privacy/disclosure risk, loss or destruction of evidence, continued reliance on contaminated or disputed records, housing instability, retaliation, denial of trauma-informed care, and clinical destabilization." [*Id.*]. However, Plaintiff fails to present evidence supporting such allegations. For these reasons, Plaintiff's Application for a temporary restraining order is **DENIED**.

## II. RESOURCES FOR SELF-REPRESENTED PARTIES

Although Plaintiff is proceeding *pro se*, i.e., without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants. However, a free *pro se* clinic can provide information and guidance on many aspects of civil litigation in this Court.

The Federal Pro Se Clinic ("Clinic") in Santa Ana, organized by Public Law Center, is where pro se litigants can get information and guidance. The Clinic is located at the Ronald Reagan Federal Building and United States Courthouse, 411 W. 4th Street, Room 1055 (First Floor). The Clinic is open twice a week on a hybrid schedule: walk-in appointments may be available on Thursdays from 10:00 a.m. to 12:00 p.m. and 1:30 p.m. to 3:30 p.m. For more information, Plaintiff can contact the Public Law Center at 714-541-1010, Ext. 222.

## III. CONCLUSION

For the reasons discussed, Plaintiff's Application is **DENIED**. Further, the Court notes that Plaintiff's request to proceed in forma pauperis [Dkt. No. 3] and motion for appointment of counsel [Dkt. No. 5] will be handled by the assigned Magistrate Judge.

**IT IS SO ORDERED.**