Joshua S. Dudley
Orange, California
657.391.6401
JDUDLEY279@gmail.com
Plaintiff, Pro Se

FILED
CLERK, U.S. DISTRICT COURT
6/22/2026
CENTRAL DISTRICT OF CALIFORNIA
BY IV DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

JOSHUA S. DUDLEY,
Plaintiff,
v.
COUNTY OF ORANGE, by and through Orange County Health Care Agency, Orange County Behavioral Health Plan, and Orange County Social Services Agency / DPSS; TELECARE CORPORATION d/b/a TELECARE TAO CENTRAL FSP; AGAPE ADDICTION COUNSELING, LLC and AGAPE / DOROTHY HOME entities whose true names are unknown; RONALD D. LEE, JR.; FELICIA TARA TAING; JENA NGUYEN; ESMERALDA CARROLL; and DOES 1 through 10, inclusive, Defendants.

**Case No. 8:26-cv-01530-SSS-PD**

**FIRST AMENDED VERIFIED COMPLAINT DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This Court has federal-question jurisdiction under 28 U.S.C. section 1331

and supplemental jurisdiction under 28 U.S.C. section 1367. Plaintiff Joshua S. Dudley brings this First Amended Verified Complaint to plead, in a clearer and defendant-specific form, the civil-rights, disability-rights, fair-housing, privacy, safety, retaliation, and related California-law claims arising from a County-contracted behavioral-health and housing-support placement.

2. This amended pleading is organized around the conduct for which Plaintiff presently has documentary support: the January 21, 2026 unwanted sexual touching and sexualized statement by Ronald D. Lee, Jr.; Plaintiff's January 24, 2026 written incident report and safety demand; Telecare's January 28, 2026 acknowledgment that corporate was involved; Telecare's February 10, 2026 request for an ROI to contact Ron Lee while describing the matter as a housing grievance; Telecare's February 13, 2026 camera and no-contact email; Plaintiff's February 16, 2026 misclassification objection; law-enforcement reporting; disputed ROI and record-integrity issues; VAWA / emergency-transfer and accommodation activity; active State Hearings Division appeal activity; and later adverse housing, benefit, and treatment-access actions.

3. Plaintiff does not ask the Court to treat every dispute as one claim against every defendant. Each claim below identifies the defendants against whom it is asserted and the conduct tying those defendants to that claim.

4. Plaintiff seeks compensatory damages, statutory relief where authorized, declaratory relief, preliminary and permanent injunctive relief, correction and preservation of records, attorney fees and costs where authorized, and punitive damages only against private and individual defendants where permitted by law.

## II. JURISDICTION AND VENUE

5. This Court has federal-question jurisdiction under 28 U.S.C. section 1331 because Plaintiff asserts claims under 42 U.S.C. section 1983, Title II of the

Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Fair Housing Act.

6. This Court has supplemental jurisdiction under 28 U.S.C. section 1367 over related California-law claims arising from the same events and transactions.

7. Venue is proper in this District and Division under 28 U.S.C. section 1391 because the relevant housing placement, program services, County and contractor conduct, records, appeals, and adverse actions occurred in Orange County, California.

8. Plaintiff demands trial by jury under Federal Rule of Civil Procedure 38 on all issues so triable.

## III. PARTIES

9. Plaintiff Joshua S. Dudley is a resident of Orange County, California. Plaintiff is a person with a documented mental-health disability and uses a psychiatric service animal for disability-related support and functional stability. Plaintiff was enrolled in or connected to Telecare TAO Central FSP during the events alleged below.

10. Defendant County of Orange is a California public entity. Plaintiff names the County based on conduct occurring through Orange County Health Care Agency, Orange County Behavioral Health Plan, Orange County Social Services Agency / DPSS, delegated contractors, and County-linked administrative, benefits, appeals, behavioral-health, and housing-support systems.

11. Defendant Telecare Corporation d/b/a Telecare TAO Central FSP is a County contractor that delivered or controlled Full Service Partnership services, housing-related supports, program records, staff contacts, case-management activity, and program decisions affecting Plaintiff.

12. Defendant Agape Addiction Counseling, LLC and Agape / Dorothy Home

entities whose true names are unknown are named based on presently available information concerning the housing environment in Orange, California, and the housing operator / provider relationship connected to Plaintiff's program placement.

13. Defendant Ronald D. Lee, Jr. was associated with the housing placement as an owner, operator, manager, agent, or related housing actor. Plaintiff alleges that Ronald D. Lee, Jr. committed the January 21, 2026 unwanted sexual touching and sexualized statement described below.

14. Defendant Felicia Tara Taing was at relevant times Program Administrator for Telecare TAO Central FSP. Plaintiff alleges she personally received, responded to, or participated in the handling of Plaintiff's incident report, safety requests, ROI process, camera / evidence issues, and reclassification of the reported sexual misconduct as a housing grievance.

15. Defendant Jena Nguyen was at relevant times Clinical Director or clinical leadership representative for Telecare TAO Central FSP. Plaintiff alleges she personally participated in later housing, treatment-access, reassessment, and protected-activity responses after notice of Plaintiff's safety, disability, records, and appeal issues.

16. Defendant Esmeralda Carroll was at relevant times an Orange County Health Care Agency / Behavioral Health quality, managed care, compliance, grievance, or appeal-related representative. Plaintiff alleges she participated in the County-side handling or characterization of Plaintiff's reports, grievance / appeal activity, safety concerns, and benefit / service review process.

17. Does 1 through 10 are persons or entities whose true names, capacities, and roles are not presently known. Plaintiff will seek leave to amend when their identities and roles are discovered.

## IV. DOCUMENTARY EXHIBITS CITED IN THIS PLEADING

18. Plaintiff cites the following exhibit labels to identify the documents that support the factual allegations. The labels are used to connect each fact to a specific source and to avoid the unclear, unsupported pleading structure criticized in the prior emergency ruling.

19. Exhibit A: January 24, 2026 written incident report and protective-measures demand concerning the January 21, 2026 unwanted sexual touching and sexualized statement by Ronald D. Lee, Jr.

20. Exhibit B: January 28, 2026 Felicia Taing response stating that she was working with corporate on an investigation.

21. Exhibit C: February 10, 2026 Felicia Taing ROI / housing-grievance email requesting completion of an ROI to connect with Ron Lee on the specific things Plaintiff shared.

22. Exhibit D: February 13, 2026 Felicia Taing camera and safety-measures email concerning Agape owners, reactivated cameras, no footage from the incident, and Ron Lee contact restrictions.

23. Exhibit E: February 16, 2026 misclassification correction demand challenging the handling of the January 21, 2026 incident as a housing grievance.

24. Exhibit F: Orange Police Department / CalVCB documentation relating to Orange Police Department Report No. 26-02-0508 and the January 21, 2026 incident.

25. Exhibit G: ROI, privacy, access-revocation, disclosure-log, audit-log, and record-integrity email materials concerning the disputed ROI, alleged unauthorized disclosure, and alleged record contamination.

26. Exhibit H: Litigation-hold, preservation, and video / camera evidence notices and related delivery or notice records.

27. Exhibit I: HUD Inquiry No. 876897 materials and VAWA / emergency-transfer, safety, and accommodation-related email materials.

28. Exhibit J: State Hearings Division documents, including reopen-granted, bifurcation-denied, and SHN-105297062 / SHN-105273480 appeal materials.

29. Exhibit K: Aid Paid Pending, General Relief / CalFresh / benefits, and county appeal materials, including records showing aid-pending denial or refusal.

30. Exhibit L: June 1, 2026 Jena Nguyen email stating Telecare would no longer be responsible for rent payments to Agape - Dorothy Home while also stating Plaintiff remained enrolled pending the State Fair Hearing.

31. Exhibit M: June 8, 2026 Jena Nguyen email stating Telecare could not provide additional treatment until it had an opportunity to assess Plaintiff's current status.

32. Exhibit N: County-Telecare contract, scope, or program documents concerning housing placement, shelter, services at housing locations, housing-provider relationships, and immediate replacement housing when a client is removed.

33. Exhibit O: disability, psychiatric-service-animal, clinical vulnerability, trauma, and damages materials.

## V. FACTUAL ALLEGATIONS

34. Plaintiff was enrolled in or connected to Telecare TAO Central FSP, a Full Service Partnership program administered, funded, contracted, monitored, or overseen by the County of Orange through OCHCA and / or the Orange County Behavioral Health Plan.

35. The relevant program and contract materials did not limit TAO Central to office-based therapy or group attendance. Plaintiff alleges the program structure included outreach, supportive services, shelter or transitional housing placement, services at housing locations, maintenance of placement, housing-provider relationships, and immediate placement in other housing

when a client is removed. Ex. N.

36. Plaintiff had documented disability-related needs, trauma-related safety vulnerability, and a psychiatric service animal. Defendants knew or had reason to know those facts through Plaintiff's program records, direct communications, and repeated safety / accommodation requests. Ex. O.

37. On or about January 21, 2026, at approximately 7:00 p.m., inside the housing environment in Orange, California, Defendant Ronald D. Lee, Jr. subjected Plaintiff to unwanted sexual touching and a sexualized statement. Plaintiff alleges the contact was to Plaintiff's upper-buttock / lower-back area in a circular manner and that Ronald D. Lee, Jr. stated, in substance, "I want some of that." Exs. A, F.

38. Plaintiff alleges David Joseph Eyskens witnessed the incident or had material knowledge of it. Plaintiff is informed and believes that David Joseph Eyskens reported the incident internally or to persons identified to Plaintiff as Ray and Valerie. Ex. A.

39. On or about January 24, 2026, Plaintiff sent a written incident report concerning the January 21, 2026 incident. Plaintiff requested protective measures, no-contact protections, non-retaliation, written-only communications, and preservation of video, logs, messages, emails, texts, and other records. Ex. A.

40. On or about January 28, 2026, Defendant Felicia Taing responded that she was working with corporate on an investigation and would circle back. Ex. B. Plaintiff alleges this placed Telecare and corporate personnel on actual notice of the sexual-misconduct report and need for a structured investigation, witness follow-up, safety planning, and evidence preservation.

41. On or about February 10, 2026, Defendant Felicia Taing requested that Plaintiff complete an ROI so she could connect with Ronald Lee on the specific matters Plaintiff had shared, and described the issue as a housing grievance. Ex.

C.

42. Plaintiff alleges the February 10, 2026 ROI request was improper because the reported actor to be contacted through the ROI was the same person Plaintiff had identified as the person who touched him and made the sexualized statement. Ex. C.

43. On or about February 13, 2026, Defendant Felicia Taing wrote that she had spoken with Agape owners, that cameras in the common areas had been reactivated, that there was no footage from the incident, that Ron should not make unnecessary contact with Plaintiff, and that if contact was necessary another Agape person would be present. Ex. D.

44. Plaintiff alleges the February 13, 2026 email showed actual notice of camera / evidence issues, need for protective measures, and risk of future contact. Plaintiff further alleges that reliance on Agape owners or Ronald Lee to verify camera status or footage was not an independent or trauma-informed response. Ex. D.

45. On or about February 16, 2026, Plaintiff sent a written demand for clarification and correction concerning the handling of the January 21, 2026 incident. Plaintiff challenged the investigation structure, the housing-grievance framing, the ROI-to-contact-accused process, and ROI date / scope irregularities. Ex. E.

46. On or about February 18, 2026, Plaintiff reported the incident to law enforcement. Plaintiff identifies Orange Police Department Report No. 26-02-0508 as associated with the January 21, 2026 incident. Ex. F.

47. Plaintiff repeatedly requested safety measures, no-contact protection, trauma therapy, emergency transfer, disability accommodation, VAWA-related protection, preservation of evidence, and records access. Exs. A, E, H, I.

48. Before and after the January 21, 2026 incident, Plaintiff had issued litigation-hold, preservation, and video / camera evidence demands to Telecare

and related actors. Ex. H.

49. Plaintiff alleges Telecare used, relied upon, completed, or treated as valid a disputed ROI that Plaintiff did not knowingly authorize for the purpose used. Plaintiff further alleges the attached records show he challenged the ROI, disputed the authorization, and requested audit logs, disclosure logs, and record-correction information. Ex. G.

50. Plaintiff alleges his records were contaminated or compromised, including by the presence or transmission of another person's protected information and by the use, disclosure, or reliance on disputed or incomplete records. Ex. G.

51. Plaintiff requested disclosure logs, audit trails, ROI records, access logs, corrected records, complete records production, and preservation of evidence. Exs. G, H.

52. Plaintiff submitted and pursued VAWA / emergency-transfer, safety-related, HUD inquiry, and disability / accommodation materials. Ex. I.

53. Plaintiff pursued protected administrative activity, including grievances, privacy complaints, records requests, appeal requests, safety requests, disability accommodation requests, police reporting, CPRA requests, preservation demands, and state-hearing filings. Exs. A, E, F, G, H, I, J, K.

54. State Hearings Division materials show active appeal activity, including documents reflecting reopen-granted, bifurcation-denied, SHN-105297062 and / or SHN-105273480 activity, and benefit-continuity / aid-pending disputes. Exs. J, K.

55. On or about June 1, 2026, Defendant Jena Nguyen emailed Plaintiff that Telecare was no longer responsible for making rent payments on Plaintiff's behalf to Agape - Dorothy Home effective June 1, 2026. The same email stated Plaintiff remained enrolled in services pending the outcome of the State Fair Hearing he had requested. Ex. L.

56. Plaintiff alleges the June 1, 2026 rent-payment email was an adverse

housing-destabilizing action taken while Telecare acknowledged Plaintiff remained enrolled pending a State Fair Hearing. Ex. L.

57. On or about June 8, 2026, Defendant Jena Nguyen emailed Plaintiff that Telecare had received his communication, welcomed him to schedule an appointment to be assessed for appropriateness of services, and stated Telecare could not provide additional treatment until it had an opportunity to assess his current status. Ex. M.

58. Plaintiff alleges the June 8, 2026 email was adverse because it conditioned additional treatment access on reassessment after Plaintiff had already raised safety, trauma, records, and accommodation concerns, and after Plaintiff had objected to unsafe in-person contact without an adequate safety protocol. Ex. M.

59. Plaintiff alleges Defendants used a false or incomplete non-engagement narrative even though Plaintiff was actively engaged through written complaints, police reporting, safety demands, VAWA / transfer requests, records requests, appeals, and preservation activity. Exs. A, E, F, G, H, I, J, K, L, M.

60. Plaintiff alleges he did not abandon services. Plaintiff sought safe access to services, protection from retaliation, records integrity, disability accommodation, and a transfer or separation that would allow him to remain housed and clinically stable.

61. Plaintiff alleges Defendants' conduct caused housing instability, loss or threatened loss of rent support, benefit instability, loss of meaningful access to services, privacy harm, evidence-preservation harm, clinical destabilization, retraumatization, emotional distress, and economic harm.

## VI. MONELL, STATE-ACTION, AND DELEGATED-CONTRACTOR ALLEGATIONS

62. Plaintiff does not seek to hold the County liable merely because it employed or contracted with a wrongdoer. Plaintiff alleges County liability based on County policies, customs, practices, delegated-service structures, contractor oversight failures, ratification, deliberate indifference after notice, and failure to train or supervise.

63. The County and its agencies, plans, contractors, and delegated actors operated an integrated behavioral-health, housing-support, records, grievance, appeal, and benefit-status system affecting Plaintiff's services, housing stability, records, and safety protections. Ex. N.

64. Plaintiff alleges Telecare acted under color of state law for section 1983 purposes because it performed delegated public functions through County contracts, County funding, County oversight, Full Service Partnership authority, public behavioral-health service delivery, County-linked housing supports, and joint or entwined decision-making with County agencies.

65. Plaintiff alleges the County and Telecare had repeated notice of safety, sexual-misconduct, privacy, disability, housing, retaliation, evidence-preservation, and benefit/status quo problems and failed to implement an effective corrective response. Exs. A, B, C, D, E, G, H, I, J, K, L, M.

66. Plaintiff alleges the challenged harms were caused by the County-linked system's failure to classify and respond to the reported sexual misconduct as a safety matter, failure to secure evidence, failure to provide trauma-informed safety planning, failure to correct or segregate disputed records, failure to honor appeal/status quo protections, and reliance on disputed records and non-engagement narratives.

## VII. CLAIMS FOR RELIEF

### CLAIM ONE - 42 U.S.C. SECTION 1983 - PROCEDURAL DUE

## PROCESS

67. Plaintiff incorporates paragraphs 1 through 66.

68. This claim is asserted against the County of Orange; Telecare Corporation d/b/a Telecare TAO Central FSP to the extent it acted under color of state law; Felicia Taing; Jena Nguyen; Esmeralda Carroll; and Does who participated in the challenged process.

69. Plaintiff had protected interests in fair and non-retaliatory access to County-linked behavioral-health services, housing-support decisions tied to those services, benefit and aid-pending/status quo procedures, appeal procedures, and accurate handling of protected records affecting services, housing, and benefits.

70. Defendants deprived Plaintiff of those interests by delaying or denying meaningful process after a sexual-misconduct report; reframing the report as a housing grievance; using or relying on a disputed ROI and contaminated or incomplete records; failing to provide clear notice and fair review of adverse housing / benefit actions; failing to preserve or produce material records; and taking housing- and treatment-access actions while appeal and safety issues remained unresolved. Exs. C, D, E, G, H, J, K, L, M.

71. Plaintiff alleges the deprivation was caused by County-linked policies, customs, practices, delegated-contractor structures, ratification, deliberate indifference, and failure to train or supervise.

## CLAIM TWO - 42 U.S.C. SECTION 1983 - FIRST AMENDMENT RETALIATION

72. Plaintiff incorporates paragraphs 1 through 71.

73. This claim is asserted against the County of Orange; Telecare Corporation d/b/a Telecare TAO Central FSP to the extent it acted under color of state law; Felicia Taing; Jena Nguyen; Esmeralda Carroll; and Does who participated in

the challenged retaliatory conduct.

74. Plaintiff engaged in protected activity by reporting sexual misconduct, filing grievances, seeking police assistance, requesting records, making CPRA requests, filing privacy complaints, requesting accommodation and emergency transfer, submitting VAWA / HUD materials, pursuing State Hearings Division appeals, demanding evidence preservation, and filing this federal action. Exs. A, E, F, G, H, I, J, K.

75. Defendants took adverse actions that would chill or deter a person of ordinary firmness, including misclassification and minimization of the sexual-misconduct report, ROI pressure involving the reported actor, failure to provide adequate safety measures, reliance on disputed records, rent-payment termination during appeal activity, treatment-access restrictions pending reassessment, benefit/status quo interference, and continued non-engagement framing despite Plaintiff's written protected activity. Exs. C, D, L, M.

76. The timing and content of the adverse actions support causation, including actions occurring after Plaintiff's January 24 report, February 16 correction demand, VAWA / emergency-transfer activity, state-hearing filings, and repeated written notices. Exs. A, E, I, J, K, L, M.

**CLAIM THREE - TITLE II OF THE ADA AND SECTION 504 OF THE** REHABILITATION ACT

77. Plaintiff incorporates paragraphs 1 through 76.

78. This claim is asserted against the County of Orange and its covered programs, and against Telecare Corporation to the extent it received federal financial assistance or operated as a delegated federally funded service provider. This claim is not asserted against individual defendants in their individual capacities.

79. Plaintiff is a qualified person with a disability. Defendants knew or had

reason to know of Plaintiff's mental-health disability, trauma-related vulnerability, psychiatric-service-animal needs, and need for safety planning and trauma-informed access. Ex. O.

80. Plaintiff requested reasonable modifications and meaningful access, including safe access to services, no-contact or separation measures, emergency transfer, trauma-informed treatment access, written communications, preservation and correction of records, and accommodation of his psychiatric service animal and safety-related limitations. Exs. A, E, I, M, O.

81. Defendants denied meaningful access or failed to reasonably accommodate by treating the sexual-misconduct report as a housing grievance, failing to provide adequate safety planning, delaying or denying emergency transfer / separation, conditioning additional treatment on reassessment without resolving safety-access barriers, and allowing housing and benefit instability to interfere with access to services. Exs. C, D, I, L, M.

## CLAIM FOUR - FAIR HOUSING ACT - DISABILITY, SEXUAL-HARASSMENT,

FAILURE-TO-ACCOMMODATE, AND RETALIATION / INTERFERENCE

82. Plaintiff incorporates paragraphs 1 through 81.

83. This claim is asserted against Telecare Corporation, Agape Addiction Counseling, LLC and Agape / Dorothy Home entities, Ronald D. Lee, Jr., the County to the extent it participated in housing-related program decisions, and Does who participated in the housing-related conduct.

84. Plaintiff was housed in a housing environment connected to his County-contracted behavioral-health and support services. Ex. N.

85. Plaintiff alleges Ronald D. Lee, Jr. subjected Plaintiff to unwanted sexual touching and a sexualized statement inside that housing environment. Exs. A, F.

86. Plaintiff requested no-contact protection, separation, safe transfer,

disability-related accommodation, written communications, evidence preservation, and non-retaliation after the incident. Exs. A, E, I.

87. Defendants failed to provide a prompt, independent, effective, and trauma-informed response; relied on conflicted housing actors or the reported actor concerning camera / footage and safety conditions; and allowed housing instability and rent-payment termination while Plaintiff's safety and appeal issues remained unresolved. Exs. C, D, L.

88. Defendants interfered with, restrained, coerced, or retaliated against Plaintiff for exercising fair-housing, disability-accommodation, safety-transfer, and complaint rights. Exs. A, E, I, L, M.

## CLAIM FIVE - PRIVACY, CONFIDENTIALITY, AND RECORD-INTEGRITY

CLAIMS

89. Plaintiff incorporates paragraphs 1 through 88.

90. This claim is asserted against Telecare Corporation, the County of Orange to the extent permitted by law, Felicia Taing, Jena Nguyen, Esmeralda Carroll, and Does who handled, used, disclosed, relied on, or refused to correct Plaintiff's protected information.

91. Plaintiff's medical, mental-health, housing, grievance, appeal, safety, and program records contained confidential and protected information.

92. Defendants mishandled confidential information by using or relying on a disputed ROI, seeking or permitting disclosure to the reported actor, failing to correct or segregate contaminated records, delaying or denying disclosure logs and audit trails, relying on incomplete or disputed records, and failing to provide a complete and reliable records response. Exs. C, G, H.

93. Plaintiff alleges these acts violated California privacy, confidentiality, and record-integrity duties, including the California Confidentiality of Medical

Information Act and California constitutional privacy protections, and caused privacy harm, safety harm, records-integrity harm, and litigation-preparation harm.

**CLAIM SIX - NEGLIGENCE, NEGLIGENT SUPERVISION, AND FAILURE TO**

PROTECT

94. Plaintiff incorporates paragraphs 1 through 93.

95. This claim is asserted against Telecare Corporation, Agape Addiction Counseling, LLC and Agape / Dorothy Home entities, Ronald D. Lee, Jr., and Does. It is asserted against public entities only to the extent a statutory basis and claim-presentation compliance exist or are not required.

96. Defendants owed Plaintiff duties of reasonable care arising from housing operation, program service delivery, behavioral-health support, safety reporting, record handling, supervision of housing-related actors, evidence preservation, and foreseeable harm after notice.

97. Defendants breached those duties by failing to protect Plaintiff after a sexual-misconduct report, failing to conduct or document an adequate investigation, failing to preserve evidence, relying on conflicted actors for camera / footage verification, failing to provide adequate no-contact or safe-transfer protections, and continuing housing or treatment-access pressure without resolving known safety barriers. Exs. A, B, C, D, E, H, I, L, M.

98. Plaintiff suffered emotional distress, housing instability, privacy harm, safety harm, loss of functional access to services, and economic harm as a foreseeable result.

**CLAIM SEVEN - SEXUAL BATTERY / BATTERY**

99. Plaintiff incorporates paragraphs 1 through 98.

100. This claim is asserted against Ronald D. Lee, Jr. and, to the extent discovery shows agency, employment, ratification, negligent supervision, or control, against private housing defendants and Does.

101. On or about January 21, 2026, Ronald D. Lee, Jr. intentionally touched Plaintiff without consent in a sexualized manner and made a sexualized statement. Exs. A, F.

102. Plaintiff did not consent to the touching. The touching was offensive, harmful, and caused emotional distress, fear, loss of safety, and damages.

## CLAIM EIGHT - CALIFORNIA BANE ACT, CIVIL CODE SECTION 52.1

103. Plaintiff incorporates paragraphs 1 through 102.

104. This claim is asserted against defendants whose conduct involved threats, intimidation, coercion, retaliation, or coercive pressure tied to Plaintiff's exercise of rights, including Telecare Corporation, Agape / Dorothy Home entities, Ronald D. Lee, Jr., Felicia Taing, Jena Nguyen, Esmeralda Carroll, and Does, and against the County to the extent permitted by law.

105. Plaintiff exercised rights to bodily integrity, fair housing, disability accommodation, privacy, records access, petitioning / complaint activity, police reporting, administrative appeal, and safe access to public or publicly funded services.

106. Defendants interfered or attempted to interfere with those rights through coercive conduct including pressure to process the matter through an ROI involving the reported actor, housing-grievance reclassification, reliance on disputed records, housing and rent-payment destabilization, treatment-access restrictions pending reassessment, and benefit/status quo pressure after protected complaints. Exs. C, D, G, L, M.

107. Plaintiff alleges the coercive conduct was not merely negligent; it was

carried out after repeated written notice of Plaintiff's rights, safety concerns, disability-related needs, and evidence-preservation demands. Exs. A, E, H, I, J, K.

## VIII. REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

108. Plaintiff incorporates paragraphs 1 through 107.

109. An actual controversy exists regarding Defendants' duties to preserve evidence, protect Plaintiff from retaliation, protect confidential information, correct or segregate contaminated records, provide meaningful disability-related access, provide safe housing-related service access, and maintain status quo or aid-pending protections where required by law.

110. Plaintiff requests declaratory and injunctive relief requiring preservation of relevant records and ESI; preventing retaliation; prohibiting use or disclosure of confidential records except as authorized by law; requiring correction, segregation, or non-reliance on contaminated or disputed records until reviewed; and requiring safe and meaningful access to services and housing-related supports pending final adjudication.

## IX. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment and relief as follows:

A. Compensatory damages according to proof;

B. Statutory damages where authorized by law;

C. Declaratory relief determining the rights and obligations of the parties;

D. Preliminary and permanent injunctive relief preserving evidence, protecting confidential records, preventing retaliation, maintaining lawful status quo protections, and requiring lawful record and safety practices;

E. Correction, segregation, or non-reliance upon contaminated, disputed, incomplete, or unverified records until proper review is completed;

F. Production or preservation of ROI records, disclosure logs, access logs, audit trails, grievance records, incident reports, camera / video logs, surveillance information, housing records, emails, texts, Teams messages, call logs, contract records, and related ESI;

G. Attorney fees and costs where authorized, including under 42 U.S.C. section 1988 and other applicable fee-shifting provisions;

H. Punitive damages only against private, non-public, and individual defendants where legally permitted and not against public entities;

I. Pre-judgment and post-judgment interest where allowed; and

J. Any other relief the Court finds just and proper.

## X. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## XI. VERIFICATION

I, Joshua S. Dudley, declare under penalty of perjury under the laws of the United States that the factual allegations stated in this First Amended Verified Complaint are true and correct based on my personal knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Executed on June 20, 2026, in Orange, California.

Respectfully submitted,

/s/ Joshua S. Dudley

Joshua S. Dudley

Plaintiff, Pro Se