**JOSHUA SHAWN DUDLEY**
Email: jdudley279@gmail.com
Plaintiff, Pro Se
2600 E. Dorothy Drive
Orange, California 92869
Telephone: (657) 391-6401

FILED
CLERK, U.S. DISTRICT COURT
09/09/2026
CENTRAL DISTRICT OF CALIFORNIA
BY bom DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

**JOSHUA S. DUDLEY,**
Plaintiff,
v.
COUNTY OF ORANGE;
TELECARE CORPORATION;
RONALD D. LEE, JR.;
DOES 1 through 10, inclusive,
Defendants.

**Case No. 8:26-cv-01530-SSS-PD**
**DECLARATION OF JOSHUA SHAWN DUDLEY IN SUPPORT OF RENEWED EMERGENCY TRO; CERTIFICATION REGARDING NOTICE**
Hearing Date: None set
Hearing Time: None set

I, Joshua Shawn Dudley, declare under penalty of perjury under the laws of the United States:

1. I am the Plaintiff in this action and appear without an attorney. I have personal knowledge of the facts stated in this declaration.

2. I reside at 2600 East Dorothy Drive in Orange, California and am enrolled in Telecare's TAO Central Adult Full Service Partnership program.

3. I am between 18 and 64 years of age. I have mental-health limitations that restrict my ability to carry out normal activities and to protect my rights during severe trauma

and housing instability. I rely on intensive behavioral-health treatment, case management, crisis response, housing support, and care coordination to maintain stability. I therefore allege that I meet the definition of a dependent adult under California Welfare and Institutions Code section 15610.23.

4. Telecare has undertaken responsibilities relating to my behavioral-health treatment, case management, crisis response, housing support or funding, and care coordination. I do not rely on FSP enrollment alone as proof of dependent-adult status; I state these facts because they describe the support relationship on which I rely.

5. On January 25, 2026, I sent Telecare a written report concerning unwanted touching that I reported had occurred on January 21, 2026. I requested protective measures, a written safety plan, protection against retaliation, and emergency-transfer assistance.

6. On February 13, 2026, Telecare Program Administrator Felicia Tara Taing informed me that housing personnel represented that common-area cameras had been reactivated, that Ronald D. Lee, Jr. should not have unnecessary contact with me, and that he would be escorted if necessary.

7. On August 27, 2026, at approximately 10:20 a.m., Ronald D. Lee, Jr. opened the front door and attempted to enter the residence while unescorted. I withdrew upstairs and avoided direct contact with him.

8. At approximately 10:49 a.m. on August 27, 2026, I submitted an online supplemental narrative to the Orange Police Department under Tracking No. T26001551 and DR No. 26-02-0508. I make no claim that acceptance of the report adjudicated liability; I state the submission because it documents that I reported the incident contemporaneously.

9. Exhibit A is a true and correct copy of the State Hearings Division notice dated July 17, 2026 in State Hearing No. SHN-105297062. The notice states that Aid Paid Pending continues during the postponement.

10. On the morning of September 9, 2026, I received text messages from a person identified in my phone as 'Val From Agape' concerning rent for my residence.

11. At approximately 10:12 a.m., the sender wrote: 'If you're not going to at least have August's rent this week unfortunately I'm going to have to ask you to leave.' A true and correct screenshot is attached as Exhibit B.

12. In the same conversation, the sender wrote: 'As a vendor we are missing two months rent. If you want to take that up with Telecare that's fine. I just need a call from them this week that they will process your payment.' A true and correct screenshot is attached as Exhibit C.

13. I understood these messages to mean that my continued occupancy is being threatened during the current week because the expected rent payment has not been received and that the housing representative expects Telecare to address the payment.

14. Because of my mental-health limitations and the support relationship described above, abrupt loss of this housing would disrupt my daily functioning, safety planning, treatment access, and ability to protect my rights while I pursue administrative and judicial review.

15. The Court denied my earlier request for temporary restraining relief on June 18, 2026. The August 27 incident and September 9 written displacement threat did not exist when the Court entered that ruling.

16. I fear that, without immediate temporary relief, I may be required to leave the residence or face escalating pressure to leave before Defendants can be heard in the ordinary course. I also remain concerned about unprotected direct contact with Lee after the August 27 incident.

17. The material displacement threat was delivered to me on the morning of September 9, 2026, at approximately 10:12 a.m. I began preparing this renewed application immediately and am filing as soon as practicable. I did not complete separate advance oral notice before filing because I am requesting immediate preservation of the housing status quo before the threatened action progresses. I request waiver of advance notice under Local Rule 7-19.2 and Federal Rule of Civil Procedure 65(b)(1).

18. I will promptly serve this application, this declaration and exhibits, and any order

as directed by the Court.

19. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 9, 2026, at Orange, California.

/s/ Joshua Shawn Dudley

**JOSHUA SHAWN DUDLEY**

CDSS
JENNIFER TROIA
DIRECTOR

STATE OF CALIFORNIA—HEALTH AND HUMAN SERVICES AGENCY
**DEPARTMENT OF SOCIAL SERVICES**
**State Hearings Division**
**PO Box 944243, MS 9-17-442 Sacramento, CA 94244-2430**
PHONE: **800-743-8525** FAX: **1-833-281-0905**

GAVIN NEWSOM
GOVERNOR

**POSTPONEMENT GRANTED-APP CONTINUES-CLAIMANT REQUEST**

**July 17, 2026**

**RE: SHN-105297062**

Your hearing has been postponed. "Aid paid pending" means getting benefits or services at the same level while waiting for your hearing. Your aid paid pending will not change because of this postponement. If you asked for Covered California continued enrollment, you must keep making your premium payments to get health benefits while waiting for your hearing.

The reason for this decision is listed below. For a free interpretation of this letter please call 800-743-8525.

First postponement request to change modality from telephone hearing to in-person hearing.

Because you asked for a postponement, this will delay your decision due date up to 30 days.

You will get a new notice of the time and date of your hearing.

For any more postponements, you must have a good reason. We may ask you to send documents showing why you cannot go to the hearing.

**About your Hearing**

You have the right to an in person hearing with the judge. You will be scheduled for a/an In-Person hearing.

We have different types of hearings:

- **Telephone** – judge calls you and the hearing is done over the phone.
- **On-Site Phone** - you go to the county office. The judge calls you at the county's office number and the hearing is done over the phone.
- **Video** – you see and hear the judge on your personal computer, laptop, tablet, or smart device. The other parties may participate by phone or video.
- **On-Site Video** - you go to the county office to use the county's video equipment. You see and hear the judge on a screen. The other parties may participate by phone or video.
- **In-Person** – you and the judge will be in the same room. The other parties may participate by phone.

If you have any questions about this letter you may call 800-743-8525, or contact the State Hearings Division in one of the ways below:

- **Online Appeals Account:** https://acms.dss.ca.gov/acms/
- **Email:** ScopeOfBenefits@dss.ca.gov
- **Fax Number:** 833-281-0903

010 – Postponement Granted – Rev 5/2022 (English)

- **Mail To:** (Allow at least 5 days for mailing. Keep your originals.)
  State Hearings Division
  PO Box 944243, MS 9-17-433, Sacramento, CA 94244-2430

STATE HEARINGS DIVISION

CC:

DEPARTMENT OF HEALTH CARE SERVICES
Orange County - SUD

010 – Postponement Granted – Rev 5/2022 (English)


10:13
85
Val From Agape
necessary but at this point you are over technically 2 months behind on your rent
No I'm not
Telecare is still obligated to pay the rent. You wanna play let's play
Have the AC fixed thank you and take up rent with telecare
If you're not going to at least have August's rent this week unfortunately I'm going to have to ask you to leave.
Take it up with telecare
10:12 AM
V
RCS message

EXHIBIT B


10:24
Val From Agape
and take up rent with telecare
If you're not going to at least have August's rent this week unfortunately I'm going to have to ask you to leave.
Take it up with telecare
As a vendor we are missing two months rent. If you want to take that up with Telecare that's fine. I just need a call from them this week that they will process your payment. If not unfortunately
Capture mor
obligated to pay your rent. To
the contrary they've said they