LODGED
CLERK, U.S. DISTRICT COURT
09/09/2026
CENTRAL DISTRICT OF CALIFORNIA
BY bom DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

**JOSHUA S. DUDLEY,**
Plaintiff,
v.
COUNTY OF ORANGE;
TELECARE CORPORATION;
RONALD D. LEE, JR.;
DOES 1 through 10, inclusive,
Defendants.

**Case No. 8:26-cv-01530-SSS-PD**
**[PROPOSED] TEMPORARY RESTRAINING ORDER WITHOUT ADVANCE NOTICE**
Hearing Date: None set
Hearing Time: None set

**TEMPORARY RESTRAINING ORDER**

The Court has considered Plaintiff Joshua Shawn Dudley's Renewed Emergency Ex Parte Application for Temporary Restraining Order Without Advance Notice, the supporting declaration and notice certification, the verified operative complaint, and the submitted exhibits.

For purposes of temporary relief only, the Court finds that Plaintiff has presented specific sworn facts showing a present written threat to his continued housing tied to the alleged nonpayment of program-funded rent support, together with a post-denial

safety incident involving Defendant Ronald D. Lee, Jr. The Court further considers Plaintiff's sworn allegations that mental-health limitations restrict his ability to carry out normal activities and protect his rights during severe trauma and housing instability, and that he relies on intensive FSP treatment and support. The Court does not make a final determination of dependent-adult status at this stage.

The Court finds that immediate and irreparable injury may occur before the adverse parties can be fully heard. Fed. R. Civ. P. 65(b)(1); Park Village Apartment Tenants Association v. Mortimer Howard Trust, 636 F.3d 1150, 1159 (9th Cir. 2011).

The Court further finds that the September 9, 2026 written displacement threat and the August 27, 2026 safety incident arose after the Court's June 18, 2026 ruling on Plaintiff's prior TRO request and constitute material new circumstances. The interest of justice warrants waiver of advance notice under Local Rule 7-19.2 for purposes of this temporary order. Defendants retain all rights under Rule 65(b)(4) to seek dissolution or modification.

IT IS HEREBY ORDERED:

1. For the duration of this TRO, Defendants County of Orange and Telecare Corporation, and their officers, agents, employees, attorneys, and other persons in active concert or participation with them who receive actual notice, are restrained from causing, directing, inducing, or facilitating Plaintiff's removal, lockout, exclusion, or displacement from 2600 East Dorothy Drive based on the challenged discontinuation or nonpayment of program-funded rent support.

2. During the TRO period, Defendant Ronald D. Lee, Jr. shall not initiate direct contact with Plaintiff or enter Plaintiff's bedroom or immediate sleeping area. In common areas, Lee shall not approach Plaintiff except in a genuine emergency or when a neutral third-party escort is present.

3. Defendants and persons bound under Rule 65(d)(2) shall not retaliate against, intimidate, coerce, threaten, or interfere with Plaintiff because he requested disability accommodations, asserted dependent-adult protections, reported safety concerns,

pursued administrative review, reported events to law enforcement, or filed this civil action.

4. If Defendants contend that Plaintiff cannot remain at the current residence during the TRO period without displacement or unsafe direct contact, County of Orange and Telecare Corporation shall promptly advise the Court and, subject to further order, coordinate a temporary neutral placement that permits Plaintiff to remain with his trained service dog. This paragraph is temporary and does not adjudicate final dependent-adult status, ultimate contractual liability, ownership rights, the final scope of Aid Paid Pending, or entitlement to damages.

5. Nothing in this Order prevents neutral and lawful emergency action genuinely necessary to protect health or safety, provided such action is not based on the protected activities or disputed rent-support decision addressed in this action.

6. Plaintiff shall promptly serve this Order and the papers supporting it on Defendants after issuance.

7. Security under Federal Rule of Civil Procedure 65(c) is waived / set in the amount of $__________.

8. Unless extended by the Court for good cause or by consent as permitted by Rule 65(b)(2), this TRO expires fourteen days after entry.

IT IS SO ORDERED.

Dated: ____________________

__________________________________

HON. SUNSHINE S. SYKES

United States District Judge