UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:26-cv-01530-SSS-PD | Date | September 17, 2026 |
|---|---|---|---|
| Title | *Joshua S. Dudley v. County of Orange, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER DENYING RENEWED EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 24]**

Before the Court is Plaintiff Joshua S. Dudley's renewed *ex parte* application for a temporary restraining order. [Dkt. No. 24, *Ex Parte* Appl.]. In this application, Dudley seeks to enjoin Defendants County of Orange and Telecare Corporation from removing him from his home based on his alleged failure to pay rent. [*Id.*]. Dudley also seeks to enjoin Defendant Ronald D. Lee, Jr. from contacting him or entering his bedroom. [*Id.*].

Having reviewed the *ex parte* application, relevant legal authority, and record in this case, the *ex parte* application is **DENIED**.

Federal Rule of Civil Procedure 65(b) and Local Rule 7-19.1 impose an affirmative duty on the party applying *ex parte* for a temporary restraining order to provide notice to the opposing party. *See* Fed. R. Civ. P. 65(b); C.D. Cal. R. 7-19.1; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("The stringent restrictions imposed . . . by Rule 65[] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be

heard has been granted both sides of a dispute."). While Rule 65(b) is silent on whether written or oral notice that must be given, Local Rule 7-19.1 imposes a duty upon the applying party:

> (a) to make reasonable, good faith efforts *orally* to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

C.D. Cal. R. 7-19.1 (emphasis added). This local rule requires "oral notice to ensure that defendants have actual notice of emergency motions against them, and an opportunity to respond." *Fin. Indus. Regul. Auth., Inc. v. Training Consultants, LLC*, No. SACV 12-1385, 2012 WL 13020027, at *1 (C.D. Cal. Aug. 28, 2017). There are, of course, certain circumstances where temporary restraining orders are necessary on an *ex parte* application. *Granny Goose*, 415 U.S. at 439. Under these circumstances, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if," among other things, the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* C.D. Cal. R. 7-19.2 (conferring discretion to the judge to waive Rule 65(b)'s notice requirement). Under Rule 65(b), notice may be waived only if the movant provides "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

Here, the Court declines to waive the notice requirement because Dudley has not certified in writing that he made any reasonable, good-faith efforts to notify Defendants or their attorneys of this *ex parte* application.

Even looking past the procedural issues, the *ex parte* application also fails on the merits. Federal Rule of Civil Procedure 65(b) governs temporary restraining orders. A temporary restraining order is an extraordinary remedy meant to preserve the *status quo* and to prevent irreparable harm "just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a temporary restraining order, a movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In cases where there may be a strong showing on the balance of hardships but a weaker showing on the likelihood of success, a movant may still obtain a temporary restraining order under the Ninth Circuit's sliding-scale approach. *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022).

Dudley has not shown he is likely to succeed on the merits of his claims. In the Complaint, Dudley asserts eight claims against Defendants under 42 U.S.C. § 1983; the Americans with Disabilities Act (ADA); Section 504 of the Rehabilitation Act; the Fair Housing Act; an unidentified claim for confidentiality, privacy, and record-integrity; negligence and negligent supervision; the California Bane Act; and declaratory and injunctive relief. [*See* Dkt. No. 18, First Am. Compl. ¶¶ 67–110].

In the *ex parte* application, Dudley only argues he is likely to succeed on his ADA and Rehab Act claims because the operative complaint

> alleges that Plaintiff is a qualified individual with a disability; requested written or remote participation, trauma-informed treatment, safety planning, and emergency-transfer assistance; remained willing to participate through modified means; and was nevertheless characterized as non-engaged and subjected to service termination and housing-support discontinuation.

[Dkt. No. 24 at 5].[1]

To establish a claim under the ADA or Rehabilitation Act, Dudley must show (1) he is a qualified individual with a disability; (2) he was denied a reasonable accommodation that he needs in order to enjoy meaningful access to the public benefits because of his disability, and (3) the program providing the benefit receives federal financial assistance (as required under the Rehabilitation Act) or is

---

[1] Dudley also argues he pleads a "dependent-adult-neglect claim" under California Welfare and Institutions Code § 15610.57. [*Ex Parte* Appl. at 6]. The Court cannot grant relief on this claim as it is not asserted in the operative complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction.").

a public entity (as required under the ADA). *See Csutoras v. Paradise High Sch.*, 12 F.4th 960, 968–69 (9th Cir. 2021); *Luong v. East Side Union High School Dist.*, 265 F. Supp. 3d 1045, 1049 (N.D. Cal. 2017).

Here, Dudley has not shown he is likely to succeed on these claims. First, he has not shown that the County of Orange, Telecare, or Lee are denying him access to housing *because of* his mental-health disability. And second, Dudley has not shown that Telecare or Lee receive federal financial assistance or are public entities.

For these reasons, the renewed *ex parte* application is **DENIED**.[2]

**IT IS SO ORDERED.**

[2] For assistance as a pro se litigant, Dudley may seek help litigating his case using the Federal Pro Se Clinics. For more information, he may access those resources at the following web address: https://prose.cacd.uscourts.gov/federal-pro-se-clinics.